Hunstock vs. Hunstock and Latil.

## No. 10,798.

### FRANCIS V. AND CLARA N. HUNSTOCK VS. MRS. L. A. HUNSTOCK AND MISS A. E. LATIL.

An appeal lies from a judgment dismissing a suit, although, on motion of the party in whose favor rendered, it is subsequently amended notwithstanding objections.

A judgment of dismissal is a final judgment which disposes of a controversy.

In exceptional cases, presenting unusual features, in which emancipated minors seek redress, charging that they have been imposed upon, the court in the absence of evidence on the record justifying a judgment, will reverse the judgment and remand the case.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Buckner, J.* '

*Kernan & Laycock* and *J. A. Addison* for Plaintiffs and Appellants:

1. A judgment of dismissal is final.
2. A remittitur filed after judgment can not affect right of appeal. Gayden vs. L., N. O. & T. R. R. Co., 39 An. 269.
3. A judgment to be final need not settle all the rights of the parties. If it determine issues involved on the merits of the action, it is final and therefore appealable. Cary vs. Richardson, 35 An. 506; State ex rel. Ikerd vs. Judge, 35 An 212.
4. A special tutor must take the oath, otherwise the judgment affecting the minor whom he represents will be absolutely null. Killilea vs. Barrett, 37 An. 865.
5. Error, fraud, minorty and lesion beyond moiety are not inconsistent pleas. Beale vs. Ricker, 7 An. 667.

*K. A. Cross* and *Read & Goodale* for Defendants and Appellees:

The court can modify an interlocutory decree. A remittitur, by consent of court of a portion of an interlocutory judgment which is *ultra petinonem*, and which dismisses the suit, is a modification of the judgment and divests some of its appealable character.

Hunstock vs. Hunstock and Latil.

A judgment emancipating a minor can not be attacked collaterally. 15 An. 505; Reis vs. Reis, Manning's Unreported Cases, 175.

To an attack upon such a judgment a special tutor must be a party. 23 An. 569; 26 An. 156.

The opinion of the court was delivered by

BERMUDEZ, C. J. Relying upon a judgment of emancipation and dispensation from the time required for attaining the age of majority, the plaintiffs have brought this suit to annul a certain like judgment which they, for reasons assigned, charge to be absolutely void, and to have set aside two acts which they signed on the day on which the judgment attacked was rendered.

The defendants moved to strike out of the petition the averment of emancipation and dispensation by the *second* judgment, by reason of the existence of the *first* judgment which, until set aside, has full force and effect, and they asked also that the attacks upon the acts of sale be also expunged, except for *lesion beyond moiety*, because the plaintiffs by making the plea have admitted the validity of the sales and are estopped by their judicial admission from contesting the same.

This motion was treated as an exception and accordingly tried; judgment being rendered sustaining the same and dismissing the suit.

It appears that after the judgment was rendered the defendants were allowed by the court to "enter a ' *remittitur* ' of all that portion of the judgment rendered on the exception, motion to strike out, etc., filed December 8, 1890, which dismisses plaintiff's suit, this *remittitur* not to be construed as affecting that portion of said interlocutory judgment which sustains said exception merely.

The plaintiffs objected, and on the overruling of their objections, reserved a bill.

Subsequently, on motion of counsel for plaintiffs, it was ordered by the court that they be allowed to appeal from the judgment.

The motion in this court to dismiss the appeal charges that since the filing of the *remittitur* there exists no definitive judgment in the case; that the allowing of the *remittitur* was a virtual revision and modification of the judgment to that extent, and that the interlocutory judgment appealed from is not such as to work irreparable injury.

The judgment dismissing the suit was and is a *final* judgment,

whether correctly rendered or not, from which the plaintiffs had a right to appeal.

The circumstance that, after it was rendered, the defendants, with leave of court, amended it, can not produce the effect of divesting the plaintiffs from their rights of appeal, particularly as they objected to the *remittitur* being permitted, and reserved a bill.

Had the defendants abandoned the entire judgment the plaintiffs would have had no reason to complain and therefore none to appeal; but that is not what was done or what took place.

If plaintiffs had not appealed, under the circumstances they could not have proceeded to attack the *first* judgment of emancipation; they would have foregone the *second* judgment and have had to stand on the first, thereby abandoning one of the objects of their action.

They could not appeal from the order on the motion for a *remittitur*, which is interlocutory and can cause no irreparable injury, particularly by reason of the appeal from the judgment of dismissal of the suit.

This court is not therefore called upon to review this last decree and it considers that the appeal from the main judgment is authorized and must be sustained.

Motion to dismiss overruled.

### ON THE MERITS.

The transcript does not contain any evidence or statement of facts to justify the judgment of dismissal.

The entry of the rendition of the judgment on the exception, however, recites "that the law and evidence being in favor thereof" the exception is sustained and the suit dismissed.

Admitting, nevertheless, that evidence was received and considered, we are at a loss to perceive how it could support the exception, which in its first part, is, on its face, ill founded, as the suit is not a *collateral* but a *direct* attack on the first judgment of emancipation, with a prayer for its nullity.

Until this first part of the exception is determined it would be premature to consider and pass upon the other, which assails in the alternative the charge of nullity of the sales because of *lesion beyond moiety*.

The case presents grave features. It is one in which emancipated

minors claim that they have been imposed upon, averring that they have been fraudulently and illegally deprived of important rights, previous to a regular and valid emancipation and dispensation, and claiming redress at the hands of the court.

We should be slow in closing the doors of justice upon them without a full understanding of their complaints and an appreciation of all the facts connected therewith, and we think, under the unusual circumstances of the case, that in furtherance of the ends of justice, they should not be left without relief.

It is therefore ordered and decreed that the judgment appealed from be reversed and that this cause be remanded to the lower court to be further proceeded with according to the views herein expressed and according to law, and that appellees pay costs of appeal; those of the lower court to abide final result.